**Iacconi v. Reliance Insurance Co.**

*Anthony S. Dedola Jr.,* for plaintiffs.
*Francis X. McTiernan Jr.,* for defendant.

FRANKS, *J.,* January 6, 1993—The issue before us arises from a petition to resolve subrogation filed by Jacqueline Iacconi. After oral argument, and full consideration of the briefs of counsel, we deny the petition. For the reasons stated herein, we hold that petitioners' acceptance of Nationwide Insurance Co.'s offer of less than policy limits is not sufficient to satisfy the exhaustion clause in the underinsurance policies in order for petitioners to proceed to underinsurance arbitration.

## BACKGROUND

On December 15, 1990, petitioner, Jacqueline Iacconi, was a passenger in an automobile driven and owned by Iona Iacconi, which collided with a vehicle owned by Elizabeth Mancovich, but driven by Charles J. Capanna. As a result, Jacqueline Iacconi sustained severe injuries.

Nationwide Insurance Co., as third party liability carrier for the owner of the Mancovich vehicle, has offered petitioners $45,000 of the $50,000 policy limits. Petitioners are willing to accept this offer as full compensation for third-party liability, if Reliance and Allstate Insurance Cos. will waive their subrogation rights and allow petitioners to pursue underinsurance claims against them.

To satisfy the exhaustion clause in the underinsurance policies, petitioners would extend a $5,000 credit to Reliance and Allstate. Petitioners contend that the limits of all applicable liability policies would then be exhausted, and petitioners could pursue underinsurance claims against Reliance and Allstate. Consequently, they would be liable to petitioners for only those underinsurance benefits over $5,000 awarded in arbitration.

Allstate will accept this proposal in order to allow petitioners to proceed to underinsurance arbitration. However, Reliance has refused. The instant petition was filed asking this court to compel Reliance to accept petitioners' proposal, waive its subrogation rights, and proceed to underinsurance arbitration.

## DISCUSSION

In support of their argument, petitioners cite to this court *May v. State Farm and Liberty Mutual,* 18 Lycoming Rep. 21 (1991). The court in *May* was presented similar facts as before us. The insurance companies in *May* offered the plaintiff less than the aggregate policy limits. May, as with our petitioners, agreed to accept the offer, credit the insurance companies with the total amount of liability coverage, and then proceed to underinsurance arbitration. State Farm and Liberty Mutual, in not accepting this proposal, relied on the exhaustion clause in the underinsurance policies to support their position.

The exhaustion clause, which is standard in most underinsurance policies, and at issue in *May* and in the instant case, provides that an insured must exhaust all applicable limits of liability policies before filing a claim for the underinsured motorist benefits. After a lengthy analysis of Pennsylvania law and the similar laws of other jurisdictions, the Honorable Clinton W. Smith held the exhaustion clause void as against the legislative intent of the Motor Vehicle Financial Responsibility Law. May's motion to resolve subrogation was granted, and he was allowed to proceed to underinsurance arbitration.

As stated previously, the holding in *May* is not a pronouncement of law by a Pennsylvania appellate court, but merely an opinion and order of a common pleas court. Therefore, its holding is neither controlling nor binding on us, and we will not follow it. We accept Reliance's

argument that the insurance contract must be interpreted to require petitioners to exhaust *all* liability limits of the Nationwide policy before pursuing an underinsurance claim. Accepting any lesser amount than policy limits cannot be deemed an exhaustion of all policy limits.

It is well-settled in Pennsylvania jurisprudence that when the terms of an insurance contract are clear and unambiguous, the court must give effect to those terms. *Standard Venetian Blind Co. v. American Empire Insurance Co.*, 503 Pa. 300, 469 A.2d 563 (1983). We find the language in the insurance contract is clear. The limits of all applicable liability policies must be completely exhausted before a claim for underinsured motorist benefits can be made. We hold that to allow petitioners to proceed to underinsurance arbitration, without having received from Nationwide the full policy limit of $50,000, would be contrary to the clear language in the insurance contract. Petitioners cannot satisfy the terms of the exhaustion clause by accepting less than limits, then extending credit to Reliance for the difference. Further, to hold otherwise would be to legislate, as no other interpretation would be logical.

In conclusion, we hold that absent consent from the liability carrier, an insured may not accept less than policy limits from the liability carrier, then extend credit to his underinsurance carrier for the difference in order to proceed to arbitration for underinsurance benefits. To do so would not satisfy the exhaustion clause in this contract.

Wherefore, we enter the following

## ORDER

And now, January 6, 1993, it is hereby ordered and directed that petitioners' petition to resolve subrogation is denied.